## UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA

Kathleen Beckmann,

      Plaintiff,

v.

Upstart Network, Inc.;
Equifax Information Services, LLC,

      Defendants.

Case No. 3:26-cv-1603

## COMPLAINT

### INTRODUCTION

1.      This is an action brought by an individual consumer for violations of the Fair Credit Reporting Act ("FCRA"), 15 U.S.C. § 1681 et seq.

### JURISDICTION AND VENUE

2.      This Court has jurisdiction over this action pursuant to 15 U.S.C. § 1681p and 28 U.S.C. § 1331.

3.      Venue is proper in this district pursuant to 28 U.S.C. § 1391(b).

### PARTIES

4.      Plaintiff, Kathleen Beckmann, formerly known as Kathleen Majewski, is an individual residing in Duval County, FL.

5.      Plaintiff is a "consumer" as that term is defined by 15 U.S.C. § 1681a(c).

6.      Defendant Upstart Network, Inc. is a furnisher of consumer credit information to consumer reporting agencies.

1

7.      Defendant Equifax Information Services, LLC is engaged in the business of maintaining and reporting consumer credit information for profit.

8.      Equifax is a "consumer reporting agency" as that term is defined by 15 U.S.C. § 1681a(f).

### FACTUAL ALLEGATIONS COMMON TO ALL COUNTS

9.      In or around March 2026, Plaintiff checked her credit reports and noticed that Upstart was reporting an account as past due.

10.     Plaintiff had previously paid the account and settled it in full, so there is no balance due or owing.

11.     The false information regarding the account appearing on Plaintiff's consumer report harms Plaintiff because it does not accurately depict Plaintiff's credit history and creditworthiness, and overstates Plaintiff's credit utilization and liability.

12.     Equifax published the false information regarding the account to third parties.

13.     Plaintiff has lost time and incurred expense working to resolve the adverse information associated with the account to prevent further harm.

### WRITTEN DISPUTE

14.     On or about March 27, 2026, Plaintiff sent a written letter to Equifax disputing the inaccurate information regarding the account reporting on Plaintiff's consumer report, and requesting a description of the procedure used to determine the accuracy and completeness of the information Plaintiff was disputing.

15.     Equifax forwarded Plaintiff's dispute to Upstart for reinvestigation.

16.     Upstart received notification of Plaintiff's dispute from Equifax.

17.     Upstart failed to conduct a reasonable investigation, failed to contact Plaintiff or any third parties, and failed to review underlying account information with respect to the disputed information and the accuracy of the disputed information.

18.     Equifax failed to conduct an investigation, contact Plaintiff, contact third parties, or review underlying account information with respect to the disputed information and the accuracy of the disputed information.

19.     Upstart failed to instruct Equifax to correct the false information reporting on Plaintiff's consumer report.

20.     Equifax employed an investigation process that was not reasonable and did not remove the false information identified in Plaintiff's dispute.

21.     Equifax employed internal processes that were not reasonable and failed to ensure the maximum possible accuracy of the information reported on Plaintiff's consumer report.

22.     At no point after receiving the disputes did any Defendant communicate with Plaintiff to determine the veracity and extent of Plaintiff's dispute.

### COUNT I – Upstart

### (Fair Credit Reporting Act Violation – 15 U.S.C. § 1681s-2(b))

23.     Plaintiff re-alleges and reaffirms paragraphs 1-6, 9-17, 19, and 22 as though fully set forth herein.

24.     After receiving Plaintiff's dispute, Upstart failed to correct the false information regarding the account reporting on Plaintiff's consumer reports.

25.     Upstart violated 15 U.S.C. § 1681s-2(b) by failing to fully and properly investigate Plaintiff's dispute; by failing to review all relevant information regarding Plaintiff's dispute; by failing to accurately respond to credit reporting agencies; by verifying false information; and by failing to permanently and lawfully correct its own internal records to prevent the re-reporting of false representations to the consumer credit reporting agencies, among other unlawful conduct.

26.     As a result of this conduct, action, and inaction of Upstart, Plaintiff suffered damages, and continues to suffer actual damages, including economic loss, damage to reputation, emotional distress, and interference with Plaintiff's normal and usual activities for which Plaintiff seeks damages in an amount to be determined by the trier of fact.

27.     Upstart's conduct, action, and inaction was willful, entitling Plaintiff to recover punitive damages pursuant to 15 U.S.C. § 1681n.

28.     In the alternative, Upstart was negligent, entitling Plaintiff to recover damages under 15 U.S.C. § 1681o.

29.     Plaintiff is entitled to recover costs and attorneys' fees from Upstart pursuant to 15 U.S.C. § 1681n and/or 15 U.S.C. § 1681o.

## COUNT II – Equifax

### (Fair Credit Reporting Act Violation – 15 U.S.C. § 1681e(b))

30.     Plaintiff re-alleges and reaffirms paragraphs 1-5, 7-16, 18, and 20-22 as though fully set forth herein.

31.     After receiving Plaintiff's dispute, Equifax failed to correct the false information reporting on Plaintiff's consumer report.

32. Equifax violated 15 U.S.C. § 1681e(b) by failing to establish or to follow reasonable procedures to assure maximum possible accuracy in the preparation of the credit reports and credit files it published and maintained concerning Plaintiff.

33. As a result of this conduct, action and inaction of Equifax, Plaintiff suffered damage, and continues to suffer actual damages, including economic loss, damage to reputation, emotional distress, and interference with Plaintiff's normal and usual activities for which Plaintiff seeks damages in an amount to be determined by the trier of fact.

34. The conduct, action, and inaction of Equifax was willful, entitling Plaintiff to recover punitive damages pursuant to 15 U.S.C. § 1681n.

35. In the alternative, Equifax acted negligently, and Plaintiff is entitled to recover damages under 15 U.S.C. § 1681o.

36. Plaintiff is entitled to recover costs and attorneys' fees from Equifax pursuant to 15 U.S.C. § 1681n and/or § 1681o.

## COUNT III – Equifax

### (Fair Credit Reporting Act Violation – 15 U.S.C. § 1681i)

37. Plaintiff re-alleges and reaffirms paragraphs 1-5, 7-16, 18, and 20-22 as though fully set forth herein.

38. After receiving Plaintiff's dispute, Equifax failed to correct the false information reporting on Plaintiff's consumer report.

39. Equifax violated 15 U.S.C. § 1681i by failing to delete inaccurate information in Plaintiff's credit files after receiving actual notice of such inaccuracies, by failing to conduct lawful reinvestigations, by failing to maintain reasonable procedures

with which to filter and verify disputed information in Plaintiff's credit files, and by failing to provide Plaintiff with a description of its procedures used to determine the accuracy and completeness of the disputed information.

40.    As a result of this conduct, action and inaction of Equifax, Plaintiff suffered damage, and continues to suffer actual damages, including economic loss, damage to reputation, emotional distress and interference with Plaintiff's normal and usual activities for which Plaintiff seeks damages in an amount to be determined by the trier of fact.

41.    The conduct, action, and inaction of Equifax was willful, entitling Plaintiff to recover punitive damages pursuant to 15 U.S.C. § 1681n.

42.    In the alternative, Equifax acted negligently, and Plaintiff is entitled to recover damages under 15 U.S.C. § 1681o.

43.    Plaintiff is entitled to recover costs and attorneys' fees from Equifax pursuant to 15 U.S.C. § 1681n and/or § 1681o.

## DEMAND FOR JURY TRIAL

Pursuant to Rule 38 of the Federal Rules of Civil Procedure, Plaintiff demands trial by jury in this action of all issues so triable.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff seeks a reasonable and fair judgment against Defendants for willful noncompliance of the Fair Credit Reporting Act and seeks remedies as defined by 15 U.S.C. § 1681 and demands:

1.    Trial by jury.

2.      Actual damages to be proven at trial, or statutory damages pursuant to 15 U.S.C. § 1681n(a)(1)(A), of not less than $100 and not more than $1,000 per violation;

3.      Punitive damages, pursuant 15 U.S.C. § 1681n(a)(2), for each Defendant's willful violation;

4.      The costs of instituting this action together with reasonable attorney's fees incurred by Plaintiff pursuant to 15 U.S.C. § 1681n(a)(3); and

5.      Any further legal and equitable relief as the court may deem just and proper in the circumstances.

Dated: June 19, 2026

*/s/ Trescot Gear*
Trescot Gear
Gear Law, LLC
711 South Howard Avenue, Suite 200
Tampa, FL 33606

Mailing Address:
McCarthy Law, PLC
9200 E. Pima Center Pkwy. Ste. 300
Scottsdale, AZ 85258
Telephone: (602) 456-8900
Fax: (602) 218-4447
Attorney for Plaintiff